UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAULA BOBILIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-395 |
| ) | (GUYTON) |
| CLARION INN AND SUITES ) | |
| OF GATLINBURG, et al., ) | |
| ) | |
| Defendant. ) | |

SCHEDULING ORDER

1. INTRODUCTION: Pursuant to Fed. R. Civ. P. 16(b), a scheduling conference was held in this cause on September 26, 2007. Present representing the plaintiff was attorney J. Page Garrett. Present representing the defendants was attorney Daniel M. Gass. The following actions were taken:

2. JURISDICTION: In this case, the subject-matter jurisdiction of the Court **is not** in dispute. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and have specifically consented to the undersigned.

3. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:

(a) The possibility of settlement is unknown at this time. Counsel will advise the Court if the parties desire Alternative Dispute Resolution (ADR) and the Court's involvement with regard to the same.

4. DISCLOSURE AND DISCOVERY:

(a) Fed. R. Civ. P. 26(f) Meeting: The parties will hold a discovery planning meeting as required by Rule 26(f) on or before October 26, 2007.

(b) Discovery Plan: At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan; however, the parties are excused from filing it with the Court. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

(c) Initial Disclosures: If not already made, Rule 26(a)(1) disclosures will be made within 30 days following the Rule 26(f) meeting.

(d) Expert Testimony: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the plaintiff on or before **February 12, 2008**, and by the defendant on or before **March 13, 2008**.

(e) Computer-Generated Animation: If any party intends to offer a computer-generated animation into evidence, the party shall disclose that intention at the time expert disclosures are made pursuant to Fed. R. Civ. P. 26(a)(2). A copy of the animation shall be furnished to all other parties no later than 45 days prior to the filing of pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) [or the close of expert discovery, if that is earlier]. By agreement of the parties, the date of delivery of the animation may be adjourned to no later than the date on which the pretrial order is filed.

(f) Treating Physicians: If the factual basis for the medical professional's trial testimony comes from actual treatment of a party, and is not information learned outside of the role of treating physician, the party is required to provide only the doctor's name and office address under Rule 26(a)(2)(A).

(g) Motions seeking a Daubert hearing must be filed on or before **April 14, 2008** or they will be deemed waived.

(h) Evidence-Presentation Equipment:  If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom.  If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due.  If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter.

(i) Pretrial Disclosures:  On or before **April 25, 2008**, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 7(f) and (g) below).

(j) All Discovery:  All discovery, including the taking of depositions "for evidence," shall be completed on or before **May 12, 2008**. (Motions to compel must be filed on or before **April 14, 2008**.)

(k) E-Discovery:  At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media.  If so, the parties are directed to determine: (i) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (ii) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (iii) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (iv) whether reasonable measures have been taken to preserve

potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (v) whether there are other problems that the parties anticipate may arise in connection with electronic or computer-based discovery; and (vi) the name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made. It is expected the parties will confer and cooperatively reach an agreement as to how e-discovery will be conducted in this case.

5. AGREED ORDERS: A proposed Agreed Order should be filed as an exhibit to a Joint Motion of the parties requesting entry of same. When filed in this manner, the proposed Agreed Order itself need not be signed by the parties.

6. PRETRIAL ORDERS AND PRETRIAL CONFERENCES:

Unless counsel are otherwise directed by the Court,[1] the following shall govern with regard to pretrial orders and conferences in this particular case.

An agreed pretrial order shall be filed with the clerk on or before **May 12, 2008**. This order shall contain the following recitals:

(a) Jurisdiction.

(b) That the pleadings are amended to conform to the pretrial order.

(c) Short summary of plaintiff's theory.

(d) Short summary of defendants' theory.

(e) The issues to be submitted to the trial judge or jury.

(f) Stipulations of fact.

---

[1] If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the Court.

(g) Novel or unusual questions of law or evidence.

(h) Estimated length of trial (in working days).

(i) Possibility of settlement.

(j) Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

On **April 25, 2008** ( **April 23, 2008** if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendants. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendants' theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (545-4260) on or before **May 12, 2008** that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

Failure to file an agreed pretrial order or to notify the undersigned's Judicial Assistant that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

A **pretrial conference** is scheduled for **June 4, 2008 at 2:00 p.m.**

5

7. OTHER SCHEDULING MATTERS:

(a) Joinder of Parties: If any party wishes to join one or more additional parties or amend to add alleged tortfeasors, such joinder or amendment shall be made on or before **February 12, 2008**.

(b) Dispositive Motions: Dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment, or partial summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than **March 13, 2008**.

(c) Upon filing any dispositive motion, or any other motion which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(d) Motions in Limine: Any motions *in limine* must be filed no later than **June 4, 2008**. Should a hearing be directed by the Court in regard to such motions *in limine*, the parties will be notified of the date and time therefor.

(e) All anticipated exhibits will be labeled and sequentially numbered prior to trial. At the inception of trial, counsel will furnish the Court with three (3) copies of their exhibit lists and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

(f) On or before **April 14, 2008**, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(g) Within five (5) days after service of a final witness list in (g) above, such list may be supplemented.

(h) In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of

Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the Court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the Court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rule 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

(i) <u>Motions for Extensions of Deadlines</u>: Motions seeking extensions of any deadlines set forth in this Order shall be filed **prior to the expiration of the deadline** stated in this Order. Absent extraordinary or extenuating circumstances, motions filed after the expiration of the deadline shall be denied.

8. <u>TRIAL</u>: The trial of this case will be held before United States Magistrate Judge Bruce Guyton without a jury, beginning on **<u>June 11, 2008 at 9:00 a.m.</u>** The trial is expected to last three to four (3-4) days. **<u>NOTE</u>: Should the scheduled trial date change for any reason, the other dates set forth in this Order will not automatically change, but shall remain as scheduled. However, should the parties desire a change of any of these other dates, they may seek an Order changing those dates.**

If there are any preliminary matters, counsel shall be present at 8:30 a.m., to take up any such matters which may require the Court's attention. The parties shall be <u>prepared</u> to commence trial at 9:00 a.m., on the date which has been assigned.

9. ELECTRONIC CASE FILING:  The Court has implemented Electronic Case Filing ("ECF"), which allows counsel to file and docket pleadings directly from their office via the internet.  ECF also enables counsel to be served with filings from other parties and the court via email.  Information on the ECF system is available on the court's website: www.tned.uscourts.gov.  Counsel who are not already registered users are expected to register and utilize such electronic filing or be prepared to explain their failure to do so.  *See* E.D. TN. LR. 5.2(b).

Per Order of all the District Judges, all attorneys practicing in the Eastern District of Tennessee must register as electronic filing users and file their pleadings electronically through the CM/ECF system or show the presiding judge good cause to file and serve documents in the traditional manner.

10. NON-COMPLIANCE:  Failure to comply with this order may result in the exclusion of damages, witnesses, exhibits, depositions, and/or videotapes from evidence at trial.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge